Battle, J.
 

 We are of opinion that the plaintiff is entitled to a
 
 venire de novo,
 
 because his Honor submitted to the jury a question of fact, without any testimony to raise it. Upon closing the evidence on the trial, the defendant’s counsel requested the Court to charge the jury, that the plaintiff could not recover, because, at the time when he purchased the wagon in question from Cook, the defendant was in the adverse possession of it- This instruction his Honor declined to give,but charged that, if the jury should believe that the defendant ever got possession of the wagon, by the consent of Cook, as a loan, to bo returned to Cook when requested, or at the end of a certain time, agreed on between them, which had expired, it would be a bailment, which he could not set up as an adverse title, either against Cook, or the plaintiff, who claimed under him. Now, there is no testimony set forth in the bill of exceptions, to show bow the defendant got possession of the wagon the second time; but it appears from the statement of one of the plaintiff’s own witnesses, that, on a certain occasion, the defendant said he would not give up the wagon, because Cook owed him for rent.
 
 *545
 
 When this occurred, does not distinctly appear, though, from the manner in which it is set out in the bill of exceptions, it may be inferred that it was whilst the wagon was the second time in the defendant’s possession; but, however this may be, it is not disputed, that, when the plaintiff pwchased the wagon from Cook, it was in the defendant’s possession; that possession was
 
 prima facie
 
 evidence of title, and it was incumbent upon the plaintiff, to show that it belonged to Cook, and that the defendant had no right to retain it from him. Upon this point in the case, the plaintiff offered no testimony to show that the defendant held as mere bailee, who was bound to surrender the article to Cook or his vendee, and his Honor erred in submitting the question to the jury without testimony, and for this error the judgment must be reversed, and a new trial granted.
 

 Judgment reversed.